UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF DAVID SHAFER and COLLEEN SHAFER, an individual,<br><br>                 Plaintiffs,<br><br>  v.<br><br>THE CITY OF SPOKANE, a municipal corporation,<br><br>                 Defendant. | NO. 2:22-CV-0220-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment (ECF No. 22).  This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed.  For the reasons discussed below, Defendant's Motion for Summary Judgment (ECF No. 22) is **denied**.

//

//

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

## BACKGROUND

This case concerns a wrongful death suit arising out of a police shooting. *See* ECF No. 17 at 5–8, ¶¶ 4.7–4.28. On August 28, 2020, Claimant Colleen Shafer filed a Claim for Damages against the City of Spokane for the alleged wrongful shooting. ECF No. 23-1 at 3. In this Claim, Ms. Shafer alleged specific losses for "Mr. Shafer's pre-death pain and suffering; damages to Mr. Shafer's estate; loss of consortium and other damages suffered by Mr. Shafer's spouse and children." *Id.* On October 5, 2022, Plaintiffs filed a Complaint, alleging in part claims for negligence. *See* ECF No. 1. On October 17, 2022, Plaintiffs filed a First Amended Complaint dropping the negligence claim as to the Estate of David Shafer ("Estate"). ECF No. 5 at 13. On October 18, 2022 Claimant Colleen Shafer, individually and as Personal Representative of the Estate of David Shafer, filed a second Claim for Damages against the City of Spokane, which alleged the same incident and losses as the first claim. *See* ECF No. 23-2 at 3. On December 20, 2022, Plaintiffs filed a Second Amended Complaint which realleged a negligence claim against Defendant as to Plaintiff Estate. ECF No. 17 at 14–15.

## DISCUSSION

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the

1  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling

2  on a motion for summary judgment, the court must only consider admissible

3  evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The

4  party moving for summary judgment bears the initial burden of showing the

5  absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

6  317, 323 (1986).  The burden then shifts to the non-moving party to identify

7  specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

8  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

9  of evidence in support of the plaintiff's position will be insufficient; there must be

10 evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

11      For purposes of summary judgment, a fact is "material" if it might affect the

12 outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is

13 "genuine" only where the evidence is such that a reasonable jury could find in

14 favor of the non-moving party.  *Id.*  The Court views the facts, and all rational

15 inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

16 *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

17 "against a party who fails to make a showing sufficient to establish the existence of

18 an element essential to that party's case, and on which that party will bear the

19 burden of proof at trial."  *Celotex*, 477 U.S. at 322.

20 //

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

## II.   Washington's Notice of Claim Statute

Under Washington law, a plaintiff seeking damages against a governmental entity must comply with Washington's notice of claim filing statute. *See* RCW 4.96.020. Before asserting a claim for tort damages, a claimant must satisfy certain claim filing requirements. *Id.* Claims must "be presented to the agent within the applicable period of limitations" and set forth certain substantive information. RCW 4.96.020(2), (3).

While the statute authorizes "substantial compliance" with the substance of the claim, Washington courts require "strict compliance with the filing procedures themselves." *Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 83 Wash. App. 304, 307, 309 (1996) (internal citations omitted). Substantial compliance means (1) a bona fide attempt to comply with the statute and (2) notice that actually accomplishes its purpose. *Renner v. City of Marysville*, 168 Wash. 2d 540, 545 (2010). The requirements are meant to be liberally construed and are not intended to be applied as a "gotcha" statute. *Myles v. Clark Cnty.*, 170 Wash. App. 521, 532 (2012). The purpose of the statute is to give a government entity time to investigate potential claims and to encourage settlement. *Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.*, 147 Wash. 2d 303, 313 (2002).

Plaintiffs' August 28, 2020 claim was sufficiently detailed to put the City on notice of Plaintiffs' claims on behalf of the Estate. *See* ECF No. 23-1 at 3. This

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

claim included damages for the Estate and alleges claims that flow from the Estate by a personal representative, i.e. Colleen Shafer, including claims for loss of consortium. *See* RCW 4.20.010. Moreover, the notice that the claim was investigated and denied "in its entirety" was addressed to "Colleen Shafer-Estate of David Shafer." *See* ECF No. 25-2.

Viewing the facts in light most favorable to Plaintiffs, the August 28, 2020 claim provided a bona fide attempt to meet the requirements of the statute and it provided the City with the information necessary to fully investigate the claim as to Colleen Shafer, both individually and as personal representative of the Estate. As a result, the Court finds the claim substantially complied with the requirements of RCW 4.96.020. The Estate's negligence claim is consequently not barred. Fed. R. Civ. P. 15(c)(1)(B); RCW 4.16.080(2). Defendant's Motion is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Summary Judgment (ECF No. 22) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **OPEN**.

DATED May 2, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5